

*Docket and File*

**203 EAST POST ROAD, WHITE PLAINS, NEW YORK 10601  TELEPHONE 845-704-7777  FACSIMILE 877-607-5419**
NEW YORK · VANCOUVER · VICTORIA · CALGARY · EDMONTON · REGINA · SASKATOON · TORONTO · MONTREAL

<u>TO BE FILED UNDER SEAL</u>

July 3rd, 2014

> Re:   United States v. Rene Cardona
>        14 CRIM 314 (RA)

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/3/14
```

Dear Judge Abrams:

We submit this letter on behalf of our client, Rene Cardona.

Pursuant to 18 U.S.C. § 3142 and the Fifth, Sixth, and Eight Amendments to the United States Constitution, we write to request an order granting bail for Mr. Cardona. The Government opposes this request.

It is our understanding that the Court is scheduled to hear our bail application on Friday, July 11th, 2014, at 2:15 p.m.

### STATEMENT OF FACTS

On April 30th, 2014, Mr. Cardona was arrested at the apartment which he shares with his mother on a federal criminal complaint originating from this Court. On May 16th, 2014, Mr. Cardona was indicted for production, possession, receipt, and distribution of child pornography. Mr. Cardona has not previously applied for bail.

### LEGAL STANDARD

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., a court generally "must release a defendant on bail on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearance when required and the safety of the community." *United States v. Madoff*, 586 F. Supp. 2d 240, 246 (S.D.N.Y.). Accordingly, the Supreme Court has observed that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739 at 755.

There is a presumption that detention may be appropriate when a defendant is charged with "any felony ... that involves a minor victim." 18 U.S.C. § 3142(e)(3)(E). This refutable presumption indicate a sets of circumstances under which a strong probability arises that no form of conditional release will be adequate. *United States v. Martir*, 782 F.2d 1141 (2d Cir. 1986). Despite this presumption, detention is proper only if there is no "condition," or "there are no "combination of conditions," that will "reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." *Id.* § 3142(f). By definition, this presumption is not dispositive and can be rebutted. As the Second Circuit stated in *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001):

> In a presumption case . . ., a defendant bears a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight. Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered.

"Even in a presumption case," the Second Circuit has held, "the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community" and "by ... a preponderance of the evidence that the defendant presents a risk of flight." *Id.* at 436.

To determine whether Mr. Cardona has rebutted the presumptions that he is a danger to the community or a flight risk, the Court must consider the following factors pursuant to 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the crime charged;

(2) the weight of the evidence against the defendant;

(3) the history and characteristics of the defendant, including family ties, employment, community ties, and past conduct; and

(4) the nature and seriousness of the danger to the community or to an individual.

### The Nature and Circumstances of the Crime Charged

Mr. Cardona is charged with production, possession, receipt, and distribution of child pornography. There is no question that the crimes charged are serious. However, the seriousness of the charges that Mr. Cardona faces does not place him in that "limited group of offenders" who should be denied bail pending trial. *United States v. Shakur*, 817 F.2d 189 at 195 (2d Cir. 1987). In fact, defendants facing similar charges are routinely granted bail in the Southern District of New York, and elsewhere, as demonstrated below.

| Case | Charge(s) | Bail? |
|------|-----------|-------|
| USA v. Fanelli, 14-cr-305 (SDNY). | Count 1: 18 U.S.C. § 2252A(a)(2)(B) and (b)(1).<br><br>Counts 2 and 3: 18 U.S.C. §2252A(a)(5)(B) and (b)(2). | Yes |
| USA v. Waldman, 14-mj-432 (SDNY). | Count 1: 18 U.S.C. § 2252A(a)(1) and (a)(2)(B). | Yes |
| USA v. Familetti, 13-cr-903 (SDNY). | Count 1: 18 U.S.C. § 1591(a)(1) & (b)(1) and 1594(a).<br><br>Counts 2 and 3: 18 U.S.C. § 2252A(a)(1), (2)(B).<br><br>Count 4: 18 U.S.C. § 2252A(a)(5)(B). | Yes |
| USA v. Zauder, 12-cr-659 (SDNY). | Count 1: 18 U.S.C. 2252A(a)(5)(B). | Yes |
| USA v. Ledee, 11-cr-175 (EDNY). | Count 1: 18 U.S.C. § 2251(a), 2251(e)(2) and 3551 et seq.<br><br>Count 2: 18 U.S.C. § 2252A(a)(2), 2252(b)(1) and 3551 et seq. | Yes |
| USA v. Lose, 13-cr-8 (WDNY). | Counts 1 to 10: 18 USC § 2251(a).<br><br>Count 11: 18 U.S.C. § 2252A(a)(2)(A). | Yes |
| USA v. Doyle, 13-cr-227 (D. Conn). | Count 1: 18 U.S.C. § 2252(a)(2).<br><br>Count 2: 18 U.S.C. § 2252(a)(4), 2252A(a)(5). | Yes |
| USA v. Carrier, 13-cr-91 (D. Conn). | Count 1: 18 U.S.C. § 2252(a)(2). | Yes |
| USA v. Farris, 08-cr-145 (W.D.Pa.). | Count 1: 18 U.S.C. § 2422(b). | Yes |
| USA v. Thomas, 03-cr-150 (D. Md.). | Count 1: 18 U.S.C. § 2251(a).<br><br>Count 2: 18 U.S.C. § 2252(a)(4)(B).<br><br>Count 3: 18 U.S.C. § 2252(a)(2). | Yes |

In considering the nature and circumstances of the crimes charged, the court is asked to be mindful that the Bail Reform Act, "by its nature is always looking forward." *United States v. Madoff*, 586 F. Supp. 2d 240, 250 (S.D.N.Y. 2009). In other words, "[T]he Court should consider past behavior in assessing the likelihood of prohibited behavior in the future, but the Government needs to show that there is a serious risk that these potential harms exist going forward." *Id.*

## The Weight of the Evidence Against the Defendant

Even if the Government has substantial evidence against Mr. Cardona, the daytime warrant in this case was executed at night contrary to the Court's express directions that it be executed during the day, and so much, if not all, of this evidence may be rendered inadmissible following a motion to suppress. To date, defense counsel have located three witnesses who are expected to testify that the warrant was impermissibly executed at night.

Moreover, and importantly, Mr. Cardona has not yet had an opportunity to review the discovery and to provide insight with respect thereto. This has hampered defense counsel's ability to refute the weight of the evidence and provides an independent reason as to why bail should be granted in this case. Under 18 U.S.C. § 3509(m), the government and the court are required to deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the government makes the material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility.

While the Assistant United States Attorney in charge of this case has indicated to counsel that he will make arrangements for counsel to review the evidence with Mr. Cardona, 18 U.S.C. § 3509(m) requires that this review be conducted either in the presence of a government agent, or with a government agent in close proximity. In this regard, and in light of the complexity and quantity of discovery materials in this case, Mr. Cardona's continued incarceration, and the fact that he will either have to be produced by the U.S. Marshals service to a government office, or a government agent will have to travel with the discovery and suitable computer equipment to MDC Brooklyn, will undoubtedly hamper defense counsel's ability to conduct meaningful review of the discovery, and to adequately prepare for trial. This reality, coupled with the fact that conditions exist that will reasonably assure the safety of the community and Mr. Cardona's appearance in court, necessitate bail release in this case.

## The History and Characteristics of the Defendant

Rene Cardona is 22 years old. He was born and raised in New York City. He has always lived with his mother at ▮▮▮▮▮▮▮▮▮▮▮▮ ▮, New York, NY, ▮▮▮▮. He is a United States citizen and does not hold dual citizenship with any other nation. Mr. Cardona has limited financial resources, and has shown neither the ability nor the inclination to flee.

Mr. Cardona graduated from the High School of American Studies located in the Bronx, in June 2010. At the time of his arrest, Mr. Cardona was a student at John Jay College. For the past three years, Mr. Cardona has regularly attended the Pentecostal Sion Church located in the Bronx. Mr. Cardona's roots in New York City are nurtured by a close-knit group of financially responsible family and friends who are willing to sign a bail bond on his behalf. His family members and friends aware of the charges against him, and their support for Mr. Cardona is obvious from the fact that more than ten family members and friends have been present at each of his post-indictment court appearances.

Mr. Cardona has only one prior arrest. In 2012 he was arrested for trespassing, a violation under New York State law. He was sentenced to one day of community service. Under the Sentencing Guidelines, he is in Criminal History Category I.

### The Nature and Seriousness of the Danger to the Community or to an Individual

Mr. Cardona does not pose any future threat to any of the alleged victims or to the community. In other child pornography cases, districts courts have militated against any potential danger posed by pretrial release by either imposing special restrictions on the defendant's computer and cellular telephone use, or by permitting unrestricted computer use subject to monitoring by pretrial services. Such monitoring would ensure that Mr. Cardona would not pose a danger to the community, and would make the Government instantly aware of any inappropriate conduct.

███████████████████████████, preventative detention cannot be invoked to guard against harms unrelated to the charges at issue in the bail hearing. *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988) (defendant's threat to kill girlfriend's husband could not be considered at detention hearing unless it could be connected to the case.) █████████████████████████

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

## PROPOSED BAIL CONDITIONS

We propose the following combination of conditions that will assure both the safety of the community and Mr. Cardona's appearance in Court.

(1) A $100,000 bond, secured by the signatures of three financially responsible family members.

(2) Strict pretrial supervision.

(3) Defendant to live at ███████████████, New York, NY, ████.

(4) Home detention with electronic monitoring.

(5) No unsupervised contact with children.

(6) Computer activity monitored.

(7) No viewing of sexually explicit images.

(8) Surrender of all travel documents.

## CONCLUSION

For the reasons set forth above, we respectfully submit that this Court should grant bail to Mr. Cardona under the proposed conditions set forth herein.


Respectfully,

Merchant Law Group LLP


By: _Daniel DeM___
     Daniel DeMaria (DD4130)


cc:   Andrew DeFilippis, Esq. (via electronic mail)
      Assistant United States Attorney

      Carlos Moreno, Esq. (via electronic mail)
      Co-Defense Counsel