

203 EAST POST ROAD, WHITE PLAINS, NEW YORK 10601   TELEPHONE 845-704-7777   FACSIMILE 877-607-5419
NEW YORK • VANCOUVER • VICTORIA • CALGARY • EDMONTON • REGINA • SASKATOON • TORONTO • MONTREAL

**VIA CM/ECF**

August 26th, 2014

   Re: **United States v. Rene Cardona**
      **14 CRIM 314 (RA)**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Dear Judge Abrams:

Pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3504, and the Court's inherent supervisory power, we write to request an Order directing the government to produce the names of all of the law enforcement agents who were present at the Defendant's residence, located at 75 Sherman Avenue, between the hours of 5:30 a.m. and 9:00 a.m. on April 30th, 2014. This request for discovery is being made by way of letter motion given the straight forward nature of the request. We enclose the required Local Rule 16.1 affidavit.

We also ask that the August 29th, 2014 deadline by which the Defendant is required to file his suppression motion be extended while the Court rules on this discovery motion and in order to permit the Defendant to make meaningful use of discovery should this motion be granted. We have been advised that the government consents to an extension until seven (7) days after the requested witness list is disclosed or the Court rules on this motion. We note that we initially asked the government for the names of the law enforcement agents on August 10th, 2014, and that it was only on August 21st, 2014, after several follow-up requests, that we were advised that the government would not be providing us with the requested discovery. We resumed discussions with the government on August 25th, 2014, but were unable to reach an agreement.

*Pertinent Facts*

On April 29th, 2014, United States Magistrate Michael H. Dolinger issued a search warrant permitting the FBI to search the Defendant's residence between the hours of 6:00 a.m. and 10:00 p.m. The Defendant asserts that this warrant was executed around 5:40 a.m. on April 30th, 2014, and that he was interrogated in his mother's bedroom following his arrest but prior to having been advised of his Miranda rights. The government has produced four documents which

were allegedly signed by Mr. Cardona while he was at his residence. At least one of these documents, the enclosed "Advice of Rights Form", is highly questionable which is the reason for the instant motion. On May 16th, 2014, the Defendant was indicted for production, possession, receipt, and distribution of child pornography.

### Requested Discovery

The Defendant seeks the first and last name of each law enforcement agent who was present at the Defendant's residence between the hours of 5:30 a.m. and 9:00 a.m. on April 30th, 2014.

### Basis for Request

Most, if not all, of the evidence against Mr. Cardona consists of statements which Mr. Cardona allegedly made following his arrest on April 30th, 2014, as well as photographs and videos which were allegedly obtained from Mr. Cardona's residence.[1] We assert that Mr. Cardona's alleged confession was involuntary and that it was obtained in violation of the privilege against compelled self-incrimination, since his confession was elicited following his arrest, but prior to his having been advised of the rights set out in *Miranda v. Arizona*, 384 U.S. 436 (1966).

We anticipate that the government will seek to rely on the "Advice of Rights Form", which Mr. Cardona allegedly signed at 6:07 a.m., in order to demonstrate that Mr. Cardona was given his Miranda rights prior to questioning. The Defendant asserts that he signed this form at the FBI headquarters some time after 9:00 a.m. In this regard, we believe that the requested discovery may demonstrate wrongdoing by the FBI. The complex nature of this issue is best addressed in the context of the Defendant's suppression motion. We are also reluctant to elaborate on this point both for fear of making unsubstantiated accusations, and in order to preserve the integrity of our investigation.

---

[1] For the sake of brevity, we ask the Court to assume that Mr. Cardona was under arrest while he was being interrogated in his mother's bedroom. We anticipate that a suppression hearing will be necessary to resolve this important issue. *See Orozco v. Texas*, 394 U.S. 324, 327 (1969) (defendant was in custody when confronted in his bedroom by four officers at 4 a.m.); *United States v. Ali*, 68 F.3d 1468, 1473 (2d Cir. 1995), on reh'g, 86 F.3d 275 (2d Cir. 1996) (airline passenger was in custody where he was asked to step away from the boarding area and surrounded by seven officers); and *United States v. Uribe-Velasco*, 930 F.2d 1029, 1033 (2d Cir. 1991) (defendant was in custody when officer approached him from behind, told defendant not to move and eight other officers surrounded him).

### Legal Argument

There is overwhelming authority to the effect that "the district court possesses, in the exercise of its inherent power to promote the proper administration of criminal justice, the authority to require the Government to disclose its list of witnesses to be called at trial." *United States v. Jackson*, 508 F.2d 1001, 1006 (7th Cir. 1975). See also, *United States v. Bejasa*, 904 F.2d 137 (2d Cir. 1990); *United States v. Richter*, 488 F.2d 170, 173-74 (9th Cir. 1973); and *United States v. Baum*, 482 F.2d 1325, 1331 (2d Cir. 1973).

In *United States v. Manley*, 632 F.2d 978, 985 (2d Cir. 1980), the Second Circuit recognized that disclosure of witness lists may be appropriate in the context of a suppression hearing. Some district courts even require disclosure of witness lists as a general matter, without any showing of need. See District of Vermont LcrR 16(a)(3) (within 14 days of arraignment); District of Connecticut LcrR Apx. A(9) (within 14 days of arraignment).

Courts have articulated a variety of factors to balance in determining whether to order disclosure of a government witness list including the following:

- Whether a witness list is actually needed;[2]

- Whether witness intimidation is likely, including whether the offense alleged in the indictment involves a crime of violence;[3]

- Whether disclosure of the witnesses' names will increase the likelihood that the witnesses will not appear at trial;[4]

- Whether the defendant has funds with which to investigate and prepare the defense.[5]

Here, there can be no doubt that the requested discovery is needed for the Defendant to properly prepare for the suppression hearing. In addition to the reason set out above, the discovery may assist the Defendant, and the Court, in determining whether the agents who were present witnessed the Defendant sign the "Waiver of Rights Form", and whether they heard the interrogating agents Mirandize the Defendant. Moreover, their testimony is necessary to determine how the agents were positioned throughout the apartment in order to determine

---

[2] *United States v. Madeoy*, 652 F. Supp. 371, 376 (D.D.C. 1987), aff'd, 912 F.2d 1486 (D.C. Cir. 1990).

[3] *Madeoy*, 652 F. Supp. at 376; *United States v. Kaplan*, 2003 WL 22880914 at *20 (S.D.N.Y. 2003).

[4] *Madeoy*, 652 F. Supp. at 376; *Kaplan*, 2003 WL 22880914, at *20.

[5] *Kaplan*, 2003 WL 22880914, at *20.

whether or not Mr. Cardona was under arrest.  Unless the identities of these agents are disclosed to the Defendant there can be no assurances that they will be subpoenaed to testify at a suppression hearing, should one be ordered.

Given that the Defendant is only seeking the names (and not the addresses) of law enforcement personnel, witness intimidation is of little or no concern, and the likelihood that law enforcement agents will not appear at trial or at the suppression hearing as a result of disclosure, even less so. The Defendant has never been convicted of a crime of violence, nor has he ever been charged with obstruction of justice. Other than a minor trespassing case the Defendant has never even been arrested. Finally, the Defendant has funds with which to investigate and prepare the defense as evidenced by the fact that his family has retained two private attorneys to defend him.

## Conclusion

Based on the foregoing we respectfully request that the Court direct the government to produce the names of all of the law enforcement agents who were present at the Defendant's residence at the time of his arrest, and that the Defendant's suppression motion be adjourned until seven days after requested witness list is disclosed, or the Court rules on this motion.

Respectfully,

Merchant Law Group LLP

By: *Daniel D.*
Daniel DeMaria (DD4130)

cc:   Andrew DeFilipis, Esq. (via CM/ECF)
      Assistant United States Attorney

      Carlos Moreno, Esq. (via CM/ECF)
      Co-Defense Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

vs.

RENE CARDONA

------------------------------------------------------------x

DECLARATION PURSUANT
TO LOCAL RULE 16.1

No. 14-CR-314 (RA)

I, Daniel DeMaria, Esq., hereby declare under the penalties of perjury, pursuant to 28 U.S.C. § 1746, that:

1. I am an attorney admitted to practice law in the Southern District of New York. I represent the Defendant, Rene Cardona, in this matter. I make this declaration in support of the Defendant's motion for discovery.

2. Prior to filing the Defendant's motion for discovery, I conferred with Assistant United States Attorney Andrew DeFilippis in a good faith attempt to resolve by agreement the issue raised by the motion without the intervention of the Court. Despite our best efforts, we have been unable to come to an agreement.

Dated:   White Plains, New York
         August 26th, 2014

_____
Daniel DeMaria

1

FD-395 (Rev. 11-5-02)

## ADVICE OF RIGHTS

Place: 75 Sherman, Apt 51
Date: 4/30/14
Time: 6:07 am

### YOUR RIGHTS

Before we ask you any questions, you must understand your rights.

You have the right to remain silent.

Anything you say can be used against you in court.

You have the right to talk to a lawyer for advice before we ask you any questions.

You have the right to have a lawyer with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

If you decide to answer questions now without a lawyer present, you have the right to stop answering at any time.

I have read this statement of my rights and I understand what my rights are. At this time, I am willing to answer questions without a lawyer present.

Signed: _René Cardona_

Witness: _[signature]_
Witness: _[signature]_
Time: 6:07a

Re read @ 10:08 — waived
                        witness
x _René Cardona_          x _[signature] Adaeze_
_[signature]_ / FBI NYO

CARDONA__000025