UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA            :

            -v-                     :       STIPULATION

RENE CARDONA,                       :       14 Cr. 314 (RA)
      a/k/a "Rey Cardona Cruz,"
      a/k/a "REYCCRUZ,"             :

            Defendant.              :

- - - - - - - - - - - - - - - - - -X

          IT IS HEREBY STIPULATED AND AGREED, by and between the

United States of America, by Preet Bharara, United States Attorney

for the Southern District of New York, Andrew DeFilippis and Gina

Castellano, Assistant United States Attorneys, and RENE CARDONA,

a/k/a "Rey Cardona Cruz," a/k/a "REYCCRUZ," the defendant, by and

with the consent of his attorneys, Daniel DeMaria, Esq. and Carlos

Moreno, Esq., that:

          1.    In or about February 2014, in the Southern District of New

York, RENE CARDONA, a/k/a "Rey Cardona Cruz," a/k/a "REYCCRUZ," the

defendant, willfully and knowingly induced an 11-year old boy in Guam

("Victim-1") to take images of himself engaged in sexually explicit

conduct and to send those sexually explicit images to CARDONA over

the Internet.

          a.    These images were child pornography, as that term

is defined in 18 U.S.C. § 2256(8).

1

b.   At the time CARDONA induced Victim-1 to create these images, in or about February 2014, CARDONA knew the general character and nature of the images and knew that each image depicted an actual minor.

2.   In or about February 2014, in the Southern District of New York, RENE CARDONA, a/k/a/ "Rey Cardona Cruz," a/k/a "REYCCRUZ," the defendant, knowingly received chat communications over the Internet sent by Victim-1 containing sexually explicit images of Victim-1.

a.   These images were child pornography, as that term is defined in 18 U.S.C. § 2256(8).

b.   At the time CARDONA received these images, in or about February 2014, CARDONA knew the general character and nature of the images and knew that each image depicted an actual minor.

3.   In or about October 2013, in the Southern District of New York, RENE CARDONA, a/k/a/ "Rey Cardona Cruz," a/k/a "REYCCRUZ," the defendant, willfully and knowingly induced a 14-year old boy ("Victim-2") to engage in sexually explicit conduct in New York, New York and produced a video recording of such conduct using an electronic device that had been transported in interstate and foreign commerce.

a.   This video recording was child pornography, as that term is defined in 18 U.S.C. § 2256(8).

b.     At the time CARDONA induced Victim-2 to engage in sexually explicit conduct and produced a video recording of such conduct, in or about October 2013, CARDONA knew the general character and nature of the video and knew that the video depicted an actual minor.

4.     In or about February 2014, in the Southern District of New York, RENE CARDONA, a/k/a/ "Rey Cardona Cruz," a/k/a "REYCCRUZ," the defendant, knowingly distributed an image depicting Victim-2 engaged in sexually explicit conduct to an individual over the Internet.

a.     This image was child pornography, as that term is defined in 18 U.S.C. § 2256(8).

b.     At the time CARDONA sent this image to an individual over the Internet, in or about February 2014, CARDONA knew the general character and nature of the image and knew that the image depicted an actual minor.

5.     In or about April 2014, in the Southern District of New York, RENE CARDONA, a/k/a/ "Rey Cardona Cruz," a/k/a "REYCCRUZ," the defendant, knowingly possessed and accessed with intent to view on a laptop and a cellular phone in New York, New York electronic files containing images of minors, including pre-pubescent minors, engaged in sexually explicit conduct.

a.     The images were child pornography, as that term is defined in 18 U.S.C. § 2256(8).

3

b.   At the time CARDONA possessed and accessed with intent to view these images, in or about April 2014, CARDONA knew the general character and nature of the images and knew that the images depicted actual minors.

6.   If called to testify, one or more law enforcement witnesses would testify that:

a.   On or about March 13, 2014, the Guam Police Department received information that Victim-1, while residing in Guam, produced child pornography for an adult male in New York. Victim-1 met the adult male over the social media site Instagram in or about February 2014.  The adult male went by the username "REYCCRUZ" on Instagram.

b.   The Guam Police Department referred the case to the FBI.  With Victim-1's consent, FBI agents in Guam searched Victim-1's phone, which Victim-1 used to communicate with "REYCCRUZ" on Instagram.  The search confirmed the information reported by the Guam Police Department.

c.   FBI agents in Guam subsequently obtained a search warrant directed to Instagram for the contents of the "REYCCRUZ" account and Victim-1's account.

d.   The contents of the Instagram accounts produced in response to the search warrant reflect that in or about February 2014, "REYCCRUZ" and Victim-1 developed an online relationship and had

4

sexually explicit discussions.  Over the course of several days, "REYCCRUZ" and Victim-1 traded photographs, with "REYCCRUZ" repeatedly asking Victim-1 to provide sexually explicit photographs of himself, which Victim-1 did.  Victim-1 provided "REYCCRUZ" with five sexually explicit photographs of himself engaged in the lascivious exhibition of his genitals (the "Victim-1 Photos").

e.    The contents of the "REYCCRUZ" Instagram account produced in response to the search warrant further reflect that in or about February 2014, "REYCCRUZ" provided an image of Victim-2 engaged in sexually explicit conduct (the "Victim-2 Photo") to another individual over the Internet.

f.    **Government Exhibit 2** is a copy of the Instagram accounts produced in response to the search warrant, which contain the Victim-1 Photos and the Victim-2 Photo.

g.    The Instagram records further reflect that a certain IP address (the "IP Address") was used by "REYCCRUZ" to log into Instagram during the time period when "REYCCRUZ" communicated with Victim-1.

h.    Based on records subpoenaed from the Internet service provider associated with the IP Address, law enforcement personnel learned that during the time period of the chats, the IP Address was assigned to a female subscriber with the last name

"Cardona," with a certain address on Sherman Avenue in New York, New York (the "Sherman Avenue Address").

i.    According to information obtained from a law enforcement database, law enforcement personnel learned that CARDONA was a 22-year-old male who resided at the Sherman Avenue Address along with other individuals with the last names "Cardona" and "Cruz."

j.    Based on records obtained from the New York Department of Health on April 29, 2014, law enforcement personnel learned that CARDONA had been employed in an afterschool program located in the Bronx, New York, serving children ages 6 to 12.

k.    Shortly after learning the aforementioned information, on April 29, 2014, the Government obtained a search warrant for the Sherman Avenue Address.  The warrant was executed on April 30, 2014.

l.    During the execution of the search warrant, law enforcement personnel located CARDONA at the Sherman Avenue Address. CARDONA subsequently admitted to law enforcement personnel that he controlled the "REYCCRUZ" username on Instagram and that he had engaged in the chats with Victim-1 described above.  CARDONA further admitted that he had sexual contact with Victim-2, whom CARDONA met in February 2013; that CARDONA performed oral sex on Victim-2 approximately 10 to 20 times over a year period; and that CARDONA took three to four sexually explicit photographs of Victim-2.

7.    If called to testify, one or more law enforcement witnesses would further testify that:

a.    **Government Exhibit 3** is a copy of the FD-395 Advice of Rights form that was provided to CARDONA before he was interviewed by law enforcement agents and which bears CARDONA's signature in two places.

b.    **Government Exhibit 4** is a copy of Instagram chats between Victim-1 and REYCCRUZ compiled by law enforcement personnel and shown to CARDONA during the interview at the Sherman Avenue Address, which CARDONA identified as the chats between CARDONA and Victim-1, and which CARDONA signed.

c.    **Government Exhibit 5** is a copy of a Consent to Assume Online Presence form provided to and signed by CARDONA during the interview at the Sherman Avenue Address.

d.    **Government Exhibit 6** is a copy of a statement by CARDONA drafted by a law enforcement agent based on CARDONA's statements to law enforcement agents during the interview at the Sherman Avenue Address.  CARDONA reviewed, made edits to, and signed Government Exhibit 6.

e.    During the execution of the April 30, 2014 search, law enforcement personnel seized an iPhone and laptop from the Sherman Avenue Address.

8.    The Victim-1 Photos and the Victim-2 Photo contained in

7

**Government Exhibit 2** were transported in interstate or foreign commerce by computer over the Internet in or about February 2014.

9.    The Victim-1 Photos and the Victim-2 Photo contained in **Government Exhibit 2** constitute "child pornography," as that term is defined in 18 U.S.C. § 2256(8).

10.    In or about February 2014, CARDONA knew the general nature and content of the Victim-1 Photos and the Victim-2 Photo contained in **Government Exhibit 2** and knew that each of these images depicted an actual minor.

11.    If called to testify, Victim-1 would testify that:

    a.    Victim-1 met "REYCCRUZ" on Instagram in or about February 2014, when Victim-1 was 11 years old.

    b.    Victim-1 and "REYCCRUZ" developed a relationship and "REYCCRUZ" requested nude pictures and videos from Victim-1.

    c.    In or about February 2014, Victim-1 sent four pictures of himself, including one of his genitals, and one video of himself masturbating to "REYCCRUZ."

    d.    Victim-1 sent the pictures and video to "REYCCRUZ" because "REYCCRUZ" repeatedly requested the pictures.

12.    If called to testify, Victim-2 would testify that:

    a.    Victim-2 met CARDONA in early 2013.

b.    Victim-2 eventually allowed CARDONA to touch his genitals and engage him in oral and anal sex after being induced by CARDONA to do so.

c.    **Government Exhibit 7** is a video taken by CARDONA on CARDONA's iPhone (the "Victim-2 Video") in or about October 2013. The Victim-2 Video depicts CARDONA engaging Victim-2 in oral sex.

d.    Victim-2 was 14 years old at the time CARDONA produced the Victim-2 Video.

13.   iPhones are manufactured outside of the State of New York.

14.   The Victim-2 Video contained in **Government Exhibit 7** was produced using CARDONA's iPhone.

15.   The Victim-2 Video contained in **Government Exhibit 7** constitutes "child pornography," as that term is defined in 18 U.S.C. § 2256(8).

16.   In or about October 2013, CARDONA knew the general nature and content of the Victim-2 Video contained in **Government Exhibit 7** and knew that the video depicted an actual minor.

17.   If called to testify, an expert computer forensic analyst from the Government would testify that:

a.    Forensic analysis revealed that the laptop and iPhone seized from the Sherman Avenue Address contained files containing images and videos that depicted actual minors engaged in sexually explicit conduct.

9

b.    Additional forensic analysis indicated that the iPhone and laptop seized from the Sherman Avenue Address had been used to download some of the files over the Internet.

c.    Some of the files contained on the laptop and iPhone depicted pre-pubescent minors engaged in sexually explicit conduct.  One such image depicts a boy, approximately 8 years old, fully nude in a kneeling position in front of an adult male, with the boy's hand around the base of the adult male's erect penis.

d.    **Government Exhibits 8 and 9** are copies of the images that were contained in two of the files on CARDONA's iPhone in April 2014.

18.  Each of the images depicted in **Government Exhibits 8 and 9** constitutes "child pornography," as that term is defined in 18 U.S.C. § 2256(8).

19.  In or about April 2014, CARDONA knew the general nature and content of the images depicted in **Government Exhibits 8 and 9** and knew that each of these images depicted at least one actual minor.

20.  The computer files containing the images depicted in **Government Exhibits 8 and 9** had been transported in interstate or foreign commerce by computer over the Internet.

21.  The facts and evidence described in paragraphs 1 through 20 of this Stipulation, if credited, establish proof beyond a reasonable doubt of each of the elements of the crimes with which

10

the defendant is charged in the Indictment in this case.

    22.  IT IS FURTHER STIPULATED AND AGREED that this Stipulation (**as Government Exhibit 1**), as well as **Government Exhibits 2, 3, 4, 5, 6, 7, 8, and 9** may be received in evidence at trial.


Dated:    New York, New York
           April 9, 2015

                              PREET BHARARA
                              United States Attorney


                        By:_____
                              Gina Castellano
                              Andrew DeFilippis
                              Assistant United States Attorneys


_____
RENE CARDONA


_____
DANIEL DeMARIA, ESQ.
CARLOS MORENO, ESQ.
Attorneys for Rene Cardona