

**MERCHANT**
**L A W   G R O U P   L L P**

_75 SOUTH BROADWAY, SUITE 409, WHITE PLAINS, NEW YORK 10601   TELEPHONE 212-658-1455   FACSIMILE 877-607-5419_
NEW YORK • VANCOUVER • VICTORIA • CALGARY • EDMONTON • REGINA • SASKATOON • TORONTO • MONTREAL

VIA CM/ECF

August 13th, 2015

      Re:    United States v. Rene Cardona
                14 CRIM 314 (RA)

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Dear Judge Abrams:

Mr. Cardona respectfully asserts that 18 U.S.C. § 2251's fifteen-year mandatory sentence violates the Eighth Amendment's prohibition against cruel and unusual punishments because it eliminates the sentencing judge's discretion, and is grossly disproportionate as applied to Mr. Cardona who was repeatedly raped by a neighbor beginning at the age of 14 (PSR ¶ 8).

There have been a number of Eight Amendment challenges to mandatory minimums in child pornography cases, and appellate courts have consistently held that these mandatory minimums do not violate the Eight Amendment. See, United States v. Reingold, 731 F.3d 204 (2d Cir. 2013) (five-year sentence for distribution of child pornography did not violate the Eight Amendment); United States v. Martin, 2006 WL 1359945 (2d Cir. 2006) (holding that imposition of five-year mandatory minimum sentence for transmitting child pornography in interstate commerce is not unconstitutionally disproportionate to the crime committed, even considering defendant's physical disability as a paraplegic); United States v. Cobler, 748 F.3d 570 (4th Cir. 2014) (holding that 120-year sentence imposed on a defendant convicted of production, possession, and transportation of child pornography does not violate the Eight Amendment); United States v. Soule, 2007 WL 2962373 (10th Cir. 2007) (sentence above the mandatory statutory minimum of 120 months for second conviction for possession of child pornography did not violate the Eighth Amendment); United States v. Meiners, 485 F.3d 1211 (9th Cir. 2007 (per curiam) (fifteen-year mandatory minimum sentence for advertising child pornography under § 2251(d) did not amount to cruel and unusual punishment in violation of the Eighth Amendment); United States v. Green, 2007 WL 4403148 (11th Cir. 2007) (ninety-month sentence for violations of § 2252 (a)(2) and (a)(4) does not violate Eighth Amendment); and United States v. Bledsoe, 2006 WL 1083353 (4th Cir. 2006) (mandatory minimum of fifteen years pursuant to § 2251(d) for advertising willingness to trade child pornography does not violate the Eighth Amendment).

In light of Senior Judge Weinstein's Order in United States v. D.W., 13 Cr. 173 (JBW) (EDNY) (Doc. #73 at page 4), Mr. Cardona respectfully requests that the Court render a decision as to whether or not 18 U.S.C. § 2251's fifteen-year mandatory sentence violates the Eighth Amendment's prohibition against cruel and unusual punishments in order to preserve the issue for possible appeal.

Respectfully,

Merchant Law Group LLP

By: *Daniel D*
Daniel DeMaria (DD4130)

Encl.

cc: Gina Castellano (via CM/ECF)

Andrew DeFilippis (via CM/ECF)

Carlos Moreno (via CM/ECF)